### John W. White v. Gresham & Mann.

1. WARRANTY—*Implied and Expressed.*—Where a manufacturer furnishes machinery or appliances designed for a specific use, he impliedly warrants the quality of the material, the goodness of the workmanship, and that the machinery or appliance is reasonably suited for the purpose for which it was designed and sold. But this implied warranty can not be availed of if the articles are sold upon an express warranty as to such quality, workmanship and fitness.

2. WARRANTY—*No Particular Form of Words Necessary.*—A warranty may be gathered from the acts and conversation between the parties. No particular words are necessary to constitute a warranty.

**Memorandum.—Assumpsit.** Appeal from the Circuit Court of Vermilion County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

CALHOUN, STEELY & JONES, attorneys for appellant.

SALMANS & DRAPER, attorneys for appellees.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

In this action, which was brought by the appellees to recover the price of a steam heating apparatus placed by them in appellant's hotel, a judgment was rendered against the appellant, who appeals to this court. It is conceded that the agreement between the parties only required radiators to be placed in the office, dining-room and pantry of the hotel. The appellant contended that the appellees warranted that the radiators contracted for would heat the rooms in which they were placed to a temperature of seventy degrees, and that they wholly failed to heat the office, and that the dining room was often uncomfortably cold at meal hours. It was for this reason he refused to pay the appellees' demand.

The appellees denied that any specific warranty in this respect was given, but insisted that the contract between the parties only required them to place in the office, dining room and pantry, a specified number of radiators having an agreed and stated heating surface. They agree that the amount of such radiation of heat from the surface was estimated by them to be sufficient to heat such rooms provided the stairway leading from the office to the upper story of the hotel building was closed up so that the heated air could not escape into the halls and rooms of the second floor. Appellees contended that the appellant agreed that the stairway should be so closed and that the necessary radiating surface was determined upon that basis; that the stairway remained open, and that any failure of the apparatus to properly warm

the rooms in question was attributable to this open stairway
and not to any defects in or insufficiency of the radiators or
other parts of the heating apparatus.    The appellant denied
that he was under any obligation to close the stairway, but
testified that he called the attention of the appellees to it
while they were examining the building and getting the di-
mensions of the rooms.    That they fully considered the effect
of  the opening made by the stairway and insisted that they
could, and agreed that they would, heat the house without
requiring any change to be made in it, and that he did not
agree to shut up the stairway, etc.   This contention consti-
tuted the material issue of  facts for  the determination of
the jury.    The evidence bearing upon the issue was conflict-
ing.   It was peculiarly the province of the jury to determine
it, and we have  no warrant to interfere with their finding,
unless the result reached by them was manifestly wrong, or
was  contributed to, or produced by some error found in the
instructions of the court or its ruling in reference to the ad-
missibility of evidence.

We  can  not  say the finding was  manifestly wrong  or
against the weight of  the evidence, and while complaint is
made of certain of the instructions given for the plaintiff, yet
the supposed errors in such instructions  do not refer to this
issue of fact, nor is it contended that they did or could have
misled or confused the jury in relation to it.   It is urged that
the court refused to admit competent testimony tendered by
the appellant, which would have  supported  the  appellant
upon the issues.

The appellant propounded to William White, clerk of the
hotel, and a witness in his behalf, this question:

Q.   What would you say as to putting doors on the land-
ing  there on  those stairs, as to whether they could  be put
there and make it safe for the use of parties using  the stair-
way?

The court, on motion of the appellee, ruled that the ques-
tion should not be answered.    The exclusion of such answer
is a ground of complaint.

If the apparatus had  been adjusted  to the office and din-

ing room upon the agreement or understanding that the stairway would be closed, the fact, if true, that it could not be closed and be safe for the use of guests, would furnish no reason for a refusal to pay for the work.

Whether the closing of the stairway by doors or otherwise would affect the convenience or safety of his guests was a matter for the consideration of the appellant when engaged in arranging and contracting for the heating apparatus, and was in no sense proper for the consideration of a jury called to determine what contract he did then make.

The appellant testified that the stairway was seven feet wide; that it rose from the floor of the rear portion of the office to platform, thence turned west and rose to another platform, thence to the east until it reached and landed upon the floor of the main hall in the second story; and that the opening across the stairway at the turn was of the width of ten feet, and that the main hall of the second story was ten feet in width, thirteen feet in height and one hundred and ten feet long, and that a side hall of the width of twelve feet and fifty feet in length, opened into the main hall. It is a fact within the common knowledge and observation of every one, that the heated air of the office would pass into the upper halls and rooms by way of the stairway, and that radiators amply sufficient to warm the office alone would be wholly inadequate to the task of heating also the second story of the building. Large double doors opened into the dining room from the office. These doors were usually kept open during the hours when meals were served, and at such hours, it is plainly seen, that the inclosed stairway threw open the dining room as well as the office to the upper story of the building. It is therefore apparent that the contested question whether the stairway was to be closed was an important and material one. Indeed, it seems to us that upon its determination depended the final result. It is urged that the first and second instructions given for the appellee are materially erroneous. "The law," it is said by counsel for appellants, " raised an implied warranty that this apparatus was of sufficient capacity to heat those

rooms which these instructions completely ignore." It may be regarded as well settled, that where a manufacturer furnishes machinery or appliances designed for a specific use he impliedly warrants the quality of the material, the goodness of the workmanship, and that the machinery or appliance is reasonably suited for the purpose for which it was designed and sold. This implied warranty can not, however, be availed of if the articles are sold upon an express warranty as to such quality of workmanship and fitness. Benjamin on Sales (Bennett Ed. of 1888), Sec. 666; 10 Am. and Eng. Ency. of Law, page 109; 19 App. (Ill.)

Waiving the point that the appellees were not the manufacturers of the heating apparatus placed in the hotel, can it be said that there was an implied warranty that the radiators were of sufficient capacity to heat the rooms? The appellant contends there was an express warranty that the rooms would be heated to a temperature of seventy degrees by the radiators, and while counsel for the appellee deny that any express warranty whatever was made, we think that a warranty may and ought to be gathered from the acts and conversation between the parties. No particular words are necessary to constitute a warranty. The appellee assumed to know the capacity of the radiators and the number of feet of heating surface necessary to radiate the proper quantity of heat for the rooms in question. They measured and ascertained the dimensions of the rooms, and fixed upon the number of radiators for each room, and determined where such radiators should be placed in the rooms, and all this, coupled with their statements, confessedly made, amounted to a warranty that the radiators were in number and size sufficient for the purpose for which they were furnishing them.

Of these matters the appellee had a special knowledge upon which the appellant had the right to rely as an express warranty. But we are satisfied that the parties proceeded upon an understanding that the stairway was to be closed, and this constituted a material condition of the warranty.

The express warranty covered every ground of an implied warranty, and excluded all implications. Reference, therefore, to warranties by implication of law was properly omitted from the instructions.

Appellant insists that the action was prematurely brought as to a portion of the demand; that the proof shows that he was to have six months time in which to make payment for the boiler, and that the suit was brought before the expiration of the period.

The appellee purchased the boiler of Herbert & Co., who manufactured boilers. They were allowed a credit of six months upon it. They proffered to give the appellant the advantage of the credit if he would execute his note to them for the amount of the price of the boiler, if Herbert & Co. would accept the note of them. This Herbert & Co. agreed to do. The appellant refused to execute the note and now insists that the demand as to the boiler did not fall due until the expiration of the time he might have had, had he executed the note according to his contract. The position is not tenable. Time in which to pay for the boiler was not given as a part of the consideration of the agreement between the parties, but as the appellees had six months in which to pay for the boiler, they were willing that the appellant should, by executing a note which their creditor would accept, become paymaster of the debt and enjoy the privilege of the extension of time. The appellant refused to execute the note, hence is in no position to insist that he should enjoy a privilege, granted only on a condition which he repudiated and would not perform. One ground of appellant's motion for a new trial was that of newly discovered evidence—and this was supported by the affidavits of two persons—to the effect that the appellee, Mann, said in the presence of such affiants, that the appellees were to heat the rooms with the stairway open, and that the apparatus should not cost the appellant a cent if it failed to do so. It appears from the affidavits that the appellant was present when it is alleged the statements of Mann were made. One of the affiants, Mr. Crandall, was present at the trial and testified at some length as a witness for the appellant.

The appellant's affidavit, which accompanied the motion for a new trial, is to the effect that he was present and heard the statements of Mann referred to in the affidavits, but had forgotten all about it. Certainly the court ought not to have re-opened the litigation upon such a showing. We find no substantial error in the record, and think the judgment right on the merits. It is affirmed.